UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY,                Action No.:

                        Plaintiff,
                                                                   **COMPLAINT**
   -against-

ACE AMERICAN INSURANCE COMPANY,

                        Defendant.
------------------------------------------------------------------X

       Plaintiff THE TRAVELERS INDEMNITY COMPANY ("Travelers"), by its attorneys, Usery & Associates, as and for its Complaint against defendant ACE AMERICAN INSURANCE COMPANY ("Chubb"), alleges as follows:

## JURISDICTION AND VENUE

       1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000 exclusive of costs.

       2.      At all times hereinafter mentioned, Travelers was, and still is, a corporation organized pursuant to the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

       3.      At all times hereinafter mentioned, Travelers was, and still is, an insurance company duly authorized to conduct business in the State of New York.

       4.      Upon information and belief, at all times hereinafter mentioned, Chubb was, and still is, a corporation organized pursuant to the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

5. Upon information and belief, at all times hereinafter mentioned, Chubb was, and still is, an insurance company duly authorized to conduct business in the State of New York.

6. In the Underlying Action, as defined below, William Lovett ("Lovett") seeks to recover damages for injuries including a torn meniscus in his right knee requiring surgery and injuries to his left his requiring hip replacement surgery.

7. As of September 2025, Lovett's workers' compensation lien is nearly $83,000, and Lovett is claiming special damages of nearly $500,000. As such, the amount in controversy exceeds the sum of $75,000 exclusive of costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## SUBSTANTIVE ALLEGATIONS

### A.     The Underlying Action

9. On or about May 14, 2021, Lovett commenced a lawsuit, captioned *William Lovett v. Plaza Construction et al.*, Index No. 154725/2021 in the Supreme Court of the State of New York, County of New York (the "Underlying Action"), by filing a Summons and Verified Complaint.

10. On or about July 6, 2021, Lovett filed an Amended Verified Complaint in the Underlying Action, adding 1345 Leasehold LLC ("1345 Leasehold") and Fisher Brothers Management Co. LLC ("Fisher") as direct defendants.

11. On or about August 14, 2022, Lovett filed a Second Amended Verified Complaint in the Underlying Action, adding 1345 Fee LLC ("1345 Fee") as a direct defendant.

12. On or about July 24, 2023, Lovett filed a Third Amended Verified Complaint in the Underlying Action, adding Clune Construction Company ("Clune") as a direct defendant.

13. On or about February 21, 2024, Lovett filed a Fourth Amended Verified Complaint in the Underlying Action, adding Donnelly Mechanical Corporation ("Donnelly") as a direct defendant.

14. Lovett, in the Underlying Action, alleges that on December 4, 2020, 1345 Leasehold, 1345 Fee, and Fisher (collectively, the "Owners") each owned, operated, maintained, controlled and/or managed the premises located at 1345 Avenue of the Americas, New York, New York (the "Premises").

15. Lovett, in the Underlying Action, alleges that on December 4, 2020, Clune was the general contractor for a construction project at the Premises (the "Project").

16. Lovett, in the Underlying Action, alleges that on December 4, 2020, Donnelly was performing construction, renovation, excavation, demolition, repair, inspection, cleaning, and/or alteration of the Premises.

17. Lovett, in the Underlying Action, alleges that prior to December 4, 2020, Donnelly retained Karo Sheet Metal, Inc. ("Karo") by written contract to perform work on the Project.

18. Lovett, in the Underlying Action, alleges that on December 4, 2020, he was injured while in the course of his employment with Karo on the Project when he slipped and fell on construction debris (the "Accident").

19. Lovett, in the Underlying Action, alleges that the Accident and his resulting injuries were caused by the negligence, recklessness, and carelessness of the Owners, Clune, Donnelly, and their respective agents, servants and/or employees in, *inter alia*, the ownership, operation, maintenance, management, supervision, and control of the Premises; their management, supervision, and control of the work on the Project; failing to provide Lovett with a

3

safe place to work; failing to ensure that work areas provided adequate protection and safety to Lovett from slipping and falling on construction debris; failing to provide adequate safety equipment; failing to properly supervise and inspect the work on the Project; failing to properly barricade or cordon off areas where work was ongoing; failing to provide safe passage for workers; causing, creating and/ or permitting dangerous and hazardous conditions to exist and remain at the work site; and failing to protect workers from slippery conditions.

20. Lovett, in the Underlying Action, asserts causes of action against the Owners, Clune, and Donnelly sounding in negligence, violation of N.Y. Labor Law §§ 200, 240, 241, and violation of Rule 23 of the Industrial Code of the State of New York.

21. On or about July 25, 2024, Clune filed Cross-Claims against Donnelly, sounding in Common Law Indemnification/Contribution, Contractual Indemnification, and Breach of Contract.

22. Clune, in its Cross-Claims, alleges that any damages sustained by Lovett as a result of the Accident resulted from Donnelly's "acts, conduct, misfeasance, or nonfeasance."

**B.     The General Contract**

23. By written contract dated and signed by both parties on October 30, 2020, 1345 Leasehold retained Clune to perform general contracting services on the Project (the "General Contract"), which is identified as the construction of a corridor at the cellar level of the Premises.

24. The General Contract identifies 1345 Leasehold as "Owner," and identifies Clune as "Contractor."

**C.     The Subcontract**

25. By written Subcontract No. 2019530, dated and signed by both parties on October 23, 2020, Clune retained Donnelly as HVAC subcontractor on the Project (the "Subcontract").

26. The Subcontract identifies Donnelly as "Subcontractor."

27. Exhibit F to the Subcontract, entitled "Insurance Requirements," provides, in relevant part, as follows:

> Prior to Subcontractor commencing any Work on the project site, and as a condition precedent to any payment, Subcontractor shall provide the proof of insurance which meets Clune's minimum requirements as outlined herein.
>
> * * *
>
> 2. **COMMERCIAL GENERAL AND EXCESS LIABILITY**
>
> Limits to be at a minimum of:   $1,000,000 each occurrence
> $2,000,000 aggregate
> $2,000,000 products – completed operation aggregate
> $1,000,000 personal & adv injury
>
> which can be combined through combination of primary and excess layers. Coverage on Standard ISO Forms or equivalent.
>
> Coverage Endorsements Required:
> - Premises-Operations Liability
> - Occurrence Bodily Injury and Property Damage Liability
> - Independent Contractors Liability
> - Completed Operations and Product Liability maintained for at least 1 years beyond completion dates of projects.
> - Broad Form Contractual Liability (with no limitations by endorsement)
> - Broad Form Property Damage Liability Insurance (including Completed Operations)
> - Per Project Aggregate shall apply to CLUNE projects.
> - ***Primary Coverage***
> - Waiver of Subrogation
> - Professional Liability Coverage for your Work or work performed for others. (Can be provided via Contingent Professional Coverage Endorsement)
>
> * * *
>
> 5. **CERTIFICATES OF INSURANCE**

5

*Clune* and its shareholders, directors, officers, agents, and employees *as Additional Insured as to General and Excess Liability Insurance*. The coverage afforded the Additional Insureds *shall be primary insurance*. If the Additional Insureds have other insurance which is applicable to loss, *such other insurance shall be on an excess or contingent basis*. The amount of Subcontractor's liability under this policy shall not be reduced by the existence of such other insurance.

ALL ADDITIONAL INSURED ENDORSEMENTS, LIMITATION OF CONTRACTUAL COVERAGE ENDORESEMENTS, PER PROJECT AGGREGATE ENDORESEMENTS AND ANY LIMITATIONS OF REQUIRED PRIMARY COVERAGE MUST BE PROVIDED WITH CERTIFICATES.

* * *

8. **ADDITIONAL INSURED/INDEMNIFIED PARTIES**

   Clune and (whomever is required to be Additional Insured/ Indemnified) shall be specifically designated as Additional Insured. They shall also be considered the Indemnified Parties in the Indemnity Provisions of this Exhibit and the Agreement.

9. **CERTFICIATE HOLDER/RECEIPT OF PROOF OF INSURANCE**

   The following *shall be listed as additional insureds* and indemnificatees *on the Subcontractor's certificate of insurance via Additional Insured Endorsement: CG 2010* and CG 2037 or equivalent.

   Certificates must also show:
      20-0583 – Fisher Brothers – 1345 Avenue of the Americas, New York

   **Additional Insured Listed per building & project requirements to be identified** *exactly as indicated below***:**

   A. *Clune Construction Company, L.P.*
   B. *1345 Leasehold LLC*
   C. *1345 Fee LLC*
   D. 1345 Leasehold Mezz LLC
   E. 1345 Fee Mezz LLC
   F. 1345 Leasehold Mezz II LLC
   G. 1345 Fee Mezz II LLC

6

      H. 1345 Leasehold Limited Partnership
      I. 1345 Fee Limited Partnership
      J. RP 1345 Acquisition LLC
      K. ***Fisher brothers Management Co. LLC***
         ***are included as additional insureds per form CG 2010 10 01***
         ***(or equivalent)***

(Emphasis supplied; Bold and underline in original.)

28. Upon information and belief, Donnelly complied with its obligations under the Subcontract, in part, by obtaining general liability insurance from Chubb.

29. Upon information and belief, Donnelly subcontracted a portion of its work on the Project to Karo, Lovett's employer, prior to the date of the Accident.

**D.** <u>**The Chubb Policy**</u>

30. Chubb issued Commercial General Liability ("CGL") policy, No. HDO G71080274 001, to Donnelly as Named Insured, with a policy period from July 1, 2020 to July 1, 2021, and an Each Occurrence Limit of $2 million (the "Chubb Policy").

31. The terms "you" and "yours" in the Chubb Policy refer to "the Named Insured shown in the Declarations," and therefore refer to Donnelly.

32. Chubb is providing a defense to Donnelly for the Underlying Action pursuant to the Chubb Policy.

33. Endorsement 671 to the Chubb Policy, form No. CG 20 10 10 01, entitled "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization," provides, in relevant part, as follows:

**SCHEDULE**

> **Name of Person or Organization:** ***Blanket where required by written contract executed prior to loss.*** However, this Additional Insured form ***will apply instead of form CG 2010 04/13 only if the contract requiring Additional Insured status requires it***.
> Location: All locations where you are performing ongoing operations for such additional insured pursuant to any such written contract.

7

\* \* \*

**A. Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to ***liability arising out of your ongoing operations performed for that insured***. (Emphasis supplied; bold in original.)

34. The Subcontract specifically requires Donnelly to provide additional insured coverage for Clune and the Owners under its CGL policy "per form CG 2010 10 01."

35. The Chubb Policy's coverage form provides, in relevant part, as follows:

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance ***is primary except when Paragraph b. below applies***. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary . . . .

**b. Excess Insurance**

**(1)** This insurance ***is excess over***:

\* \* \*

**(b)** Any other primary insurance ***available to you*** covering liability for damages arising out of the premises or operations, or the products and completed operations, ***for which you have been added as an additional insured***. (Emphasis supplied; bold in original.)

36. Endorsement No. 20 to the Chubb Policy, form No. LD-20287 (06/06), entitled "Non-Contributory Endorsement for Additional Insureds," provides, in relevant part, as follows:

8

**Schedule**

| Organization | Additional Insured Endorsement |
|---|---|
| Any additional insured with whom *you have agreed to provide such non-contributory insurance, pursuant to and as required under written contract executed prior to the date of loss* | |

* * *

For organizations that are listed in the Schedule above that are also an Additional Insured under an endorsement attached to this policy, the following is added to **Section IV.4.a**:

> If other insurance is available to an insured we cover under any of the endorsements listed or described above (the "Additional Insured") for a loss we cover under this policy, this insurance will apply to such loss ***on a primary basis*** and ***we will not seek contribution from the other insurance available to the Additional Insured***. (Emphasis supplied; Bold/underline in original.)

37. Lovett, in the Underlying Action, alleges a claim for which Clune and the Owners qualify as additional insureds under the Chubb Policy.

38. The Chubb Policy provides primary, noncontributory coverage for Clune and the Owners for the Underlying Action.

**E.     The Travelers Policy**

39. Travelers issued Commercial Insurance policy, No. VTC2-CO-5809B167-IND-20, to Clune as Named Insured, with a policy period from September 1, 2020 to September 1, 2021, including a CGL part with an Each Occurrence Limit of $3 million (the "Travelers Policy").

40. Travelers is defending Clune, its Named Insured, and the Owners as additional insureds for the Underlying Action.

41. The Travelers Policy has an applicable excess "Other Insurance" provision for Clune and the Owners that provides, in relevant part, that the Travelers Policy is excess over "[a]ny of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance."

**F.      The Tenders and Responses**

42. By letter dated December 11, 2020, Travelers tendered Lovett's claim to Chubb and Donnelly on behalf of Clune and the Owners, requesting that Chubb provide additional insured coverage to Clune and the Owners for any claim brought by Lovett arising out of the Accident.

43. By letter dated March 31, 2021, Travelers again tendered Lovett's claim to Chubb and Donnelly on behalf of Clune and the Owners.

44. By letter dated July 27, 2023, Travelers tendered the Underlying Action to Chubb on behalf of Clune and the Owners, requesting that Chubb provide additional insured coverage to Clune and the Owners pursuant to the Chubb Policy.

45. By letter dated November 15, 2023, Chubb denied Travelers' tender, stating that the Accident "was not caused, in whole or in part, by the acts or omissions of Donnelly or by the acts or omissions of those acting on their behalf, in their performance of their ongoing operations for [Clune and the Owners] at the project."

46. By letter dated August 8, 2024, Travelers re-tendered the Underlying Action to Chubb on behalf of Clune and the Owners.

47. By email dated September 13, 2024, Chubb again denied coverage for Clune and the Owners for the Underlying Action.

48. By letter dated April 25, 2025, Travelers again re-tendered the Underlying Action to Chubb on behalf of Clune and the Owners.

49. Travelers has not received a response from Chubb to its April 25, 2025 letter.

50. Chubb has failed and refused to accept Travelers' tender of the Underlying Action on behalf of Clune and the Owners.

51. As a result of Chubb's breach of its duty to defend, Travelers has been forced to drop down and provide a defense to Clune and the Owners for the Underlying Action.

52. Based on the "Other Insurance" provision in the Travelers Policy, the coverage provided by Travelers to Clune and the Owners is excess to the coverage provided by the Chubb Policy.

## AS AND FOR A FIRST CLAIM FOR RELIEF

53. Travelers repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 52 of this Complaint as if more fully set forth herein.

54. Although duly and properly demanded, Chubb has failed and refused to provide the primary defense to, and acknowledge coverage for, Clune and the Owners for the claims alleged in the Underlying Action.

55. Chubb has, to date, wrongfully declined to provide coverage for Clune and the Owners for the Underlying Action.

56. Travelers seeks a determination of its rights with regard to the Chubb Policy, including a declaratory judgment that Chubb is required to defend and indemnify Clune and the Owners as additional insureds under the Chubb Policy for the Underlying Action; that Chubb's coverage for Clune and the Owners applies on a primary basis; and that Travelers' coverage for

Clune and the Owners in the Underlying Action is excess to proper exhaustion and full payment of the Chubb Policy.

57. Travelers has no adequate remedy at law.

## AS AND FOR A SECOND CLAIM FOR RELIEF

58. Travelers repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 57 of this Complaint as if more fully set forth herein.

59. Chubb failed and refused to acknowledge its primary coverage obligation and reimburse Travelers for costs incurred to defend Clune and the Owners for the Underlying Action.

60. As a result of Chubb's failure to acknowledge that it owes a primary duty to defend Clune and the Owners, Travelers has been required to pay for the defense of Clune and the Owners for the Underlying Action.

61. As a result of Chubb's failure to acknowledge its primary duty to defend and indemnify Clune and the Owners, Travelers has incurred substantial attorneys' fees and other costs for the defense of Clune and the Owners in the Underlying Action.

62. As a result of the foregoing, Travelers is entitled to a money judgment against Chubb in an amount equal to what it has incurred and will incur to defend Clune and the Owners in the Underlying Action, in an amount to be determined by the Court, plus interest

**WHEREFORE**, plaintiff THE TRAVELERS INDEMNITY COMPANY demands judgment as follows:

1. On the first claim for relief, a declaratory judgment determining the respective rights and obligations of plaintiff THE TRAVELERS INDEMNITY COMPANY and defendant ACE AMERICAN INSURANCE COMPANY with respect to their liability insurance coverage

obligations for Clune and the Owners for the Underlying Action, including a declaratory judgment that Chubb is required to defend and indemnify Clune and the Owners for the Underlying Action, and a declaratory judgment that such coverage would apply on a primary basis before coverage under the Travelers Policy applies to Clune and the Owners for the Underlying Action;

2.    On the second claim for relief, a money judgment in favor of plaintiff THE TRAVELERS INDEMNITY COMPANY and against defendant ACE AMERICAN INSURANCE COMPANY, in an amount to be determined by the Court; and

3.    Granting plaintiff THE TRAVELERS INDEMNITY COMPANY recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 12, 2025

**USERY & ASSOCIATES**

By: _/s/ David R. Shyer_
    David R. Shyer
    *Attorneys for Plaintiff*
    *The Travelers Indemnity Company*
    (917) 778-6324
    dshyer@travelers.com

Please address all correspondence to:
P.O. Box 2996
Hartford, CT 06104
Hartford, CT 06104-2996[1]

---

[1] Physical Address: 485 Lexington Avenue, 6th Floor, New York, NY 10017